FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2012 AUG 30  P 12: 02

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ANYELI BOSQUEZ <br>    9751 Beech Place <br>    Manassas, VA 20110 <br><br>       **PLAINTIFF,** <br><br> v. <br><br> ANGEL'S BAIL BONDS, INC. <br>    8487 Euclid Avenue <br>    Suite 5 <br>    Manassas Park, VA 20111 <br><br>    Serve Registered Agent: <br>        Angel Michael Miller <br>        8487 Euclid Avenue <br>        Suite 5 <br>        Manassas Park, VA 20111 <br><br> and <br><br> ANGEL MICHAEL MILLER <br>    13706 Palm Road <br>    Woodbridge, VA 22193 <br><br>       **DEFENDANTS.** | CIVIL ACTION NO.  1: 12cv 972 <br> GBL. /TRJ |

## COMPLAINT

COMES NOW, Anyeli Bosquez ("Plaintiff"), by counsel, and files this Complaint

against Angel's Bail Bonds, Inc. and Angel Michael Miller ("Defendants") on the following

grounds:

## NATURE OF ACTION

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay minimum wage and overtime compensation for hours worked by Plaintiff.

2.      Defendants engaged in actual and constructive fraud in the scheme of representing to Plaintiff that she would be paid for her work but denying compensation after she performed the work.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because both Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5.      Plaintiff Anyeli Bosquez is a natural person residing at 9751 Beech Place, Manassas, Virginia 20110. She was Defendants' employee from 2008 through August 7, 2012. Plaintiff has not been paid regular or overtimes wages for hours worked.

6.      Defendant Angel's Bail Bonds is a corporation registered in the Commonwealth of Virginia, with its principal place of business in Manassas, Virginia.

7.      Defendant Miller is a natural person who owns, operates and manages Defendant Angel's Bail Bonds and resides at 13706 Palm Road, Woodbridge, Virginia 22193. Defendant Miller has regularly conducted business activity in northern Virginia, including Fairfax, Stafford, Arlington, Loudoun and Prince William Counties.

## FACTS

8.     At all times alleged herein, Plaintiff has never been indebted to Defendants.

9.     At all times alleged herein, Defendant Angel's Bail Bonds was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

10.     At all times alleged herein, both Defendants were an enterprise engaged in interstate commerce or the production of goods for interstate commerce.

11.     Defendants engaged in interstate commerce by:

    a.     Corresponding with individuals in other states via telephone;

    b.     Sending and receiving mail to and from individuals in other states;

    c.     Transacting business in interstate commerce; and

    d.     Employing goods manufactured and distributed in other states.

12.     Defendant Miller owns and has operational control of Defendant Angel's Bail Bonds, including the work performed, environment and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation and contracting to provide services on behalf of Defendant Angel's Bail Bonds.

13.     Defendant Miller signs checks on behalf of Defendant Angel's Bail Bonds, including paychecks issued to Plaintiff.

14.     For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendant Miller was a person acting directly in the interest of Defendant Angel's Bail Bonds.

15.     In 2008, Defendants hired Plaintiff as a file clerk or office assistant and represented that she would be paid $14.50 per hour.  Defendant Miller told Plaintiff that Defendants did not compensate employees for overtime hours.

16.     In 2009, Plaintiff was promoted to the position of office manager.

17.     Plaintiff performed her duties in accordance with Defendants' requirements.

18.     Plaintiff regularly recorded her hours worked on her own because Defendants did not systematically record or track their employees' time or wages.

19.     From 2010 through August 2012, Plaintiff often worked more than 40 hours a week.  However, Plaintiff did not record these hours because Defendant Miller told her Defendants did not pay for overtime.

20.     Defendants knew that Plaintiff worked overtime throughout her tenure at their establishment but did not pay Plaintiff one and one-half times her purported rate of pay for any overtime hours worked.

21.     Furthermore, Defendants did not pay Plaintiff for the regular hours worked from approximately January 27, 2011 through October 21, 2011.

22.     Defendants have willfully violated the FLSA by failing to pay Plaintiff overtime through her approximate 5-year employment and for the regular hours worked from approximately January 2011 through October 2011.

23.     Based on partial time records, the unpaid hours, not including overtime hours, for this period are approximated below:

| Week Beginning | Unpaid Hours Worked |
|----------------|---------------------|
| January 27, 2011 | 32 |

4

| Week Beginning | Unpaid Hours Worked |
|---|---|
| February 10, 2011 | 40 |
| February 17, 2011 | 32 |
| February 24, 2011 | 24 |
| March 3, 2011 | 40 |
| March 10, 2011 | 30 |
| March 17, 2011 | 32 |
| March 24, 2011 | 40 |
| March 31, 2011 | 40 |
| April 7, 2011 | 40 |
| April 14, 2011 | 36.50 |
| April 21, 2011 | 32 |
| April 28, 2011 | 36.50 |
| May 5, 2011 | 39.50 |
| May 12, 2011 | 30.50 |
| May 19, 2011 | 32 |
| May 26, 2011 | 32 |
| June 2, 2011 | 40 |
| June 9, 2011 | 32 |
| June 16, 2011 | 34 |

| Week Beginning | Unpaid Hours Worked |
|----------------|---------------------|
| June 23, 2011 | 39.50 |
| June 30, 2011 | 31.50 |
| July 7, 2011 | 36 |
| July 14, 2011 | 28 |
| July 21, 2011 | 31 |
| July 28, 2011 | 40 |
| August 4, 2011 | 38 |
| August 11, 2011 | 40 |
| August 18, 2011 | 40 |
| August 25, 2011 | 32 |
| September 1, 2011 | 40 |
| September 8, 2011 | 38 |
| September 15, 2011 | 32 |
| September 22, 2011 | 40 |
| September 29, 2011 | 24 |
| October 6, 2011 | 34 |
| October 13, 2011 | 28 |
| October 20, 2011 | 16 |

| TOTAL | 1,342.50 |
|-------|----------|

24.     Upon information and belief, Defendants failed to inform Plaintiff of her rights under the FLSA and post a notice informing employees of those rights, as required by the Department of Labor.  To the contrary, Defendant Miller represented to Plaintiff that Defendants did not pay for overtime hours worked.

25.     Upon information and belief, in 2011, although Plaintiff was a full time employee, Defendants compensated her in the total amount of $1,783.50, as reported by Defendants to the Internal Revenue Service ("IRS").

26.     In 2011, Defendants represented to Plaintiff that they withheld taxes from her income per the requirements of the Internal Revenue Code.  Upon discovery, Plaintiff confronted Defendant Miller and inquired as to where the alleged withholdings were kept if not submitted to the IRS.  Defendant Miller initially denied failure to submit to the IRS but later admitted as such and lacked explanation for his failure to pay the IRS.  As a result of Defendants' failure, Plaintiff has incurred substantial tax liability.

27.     Plaintiff has suffered emotionally and financially by being unable to pay monthly bills and take care of her minor daughter and elderly mother, being pursued by creditors as a result of Defendants' failure to pay her income and being forced to deal with the stress of not being paid regularly.

## CLAIMS FOR RELIEF

### COUNT I
*Violation of the Fair Labor Standards Act*
*Minimum Wage Requirements*

28.    The preceding paragraphs are re-alleged herein.

29.    Defendants failed to pay Plaintiff minimum wage for approximately 1,345.50 hours that Defendants required, "suffered or permitted" Plaintiff to work.

30.    Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate her therefor.

31.    Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked as required under § 206(a)(1).

32.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid minimum wage for approximately 1,345.50 hours worked and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

33.    Plaintiff is due an amount of $150,000 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

34.    Plaintiff is due an amount of $150,000 for liquidated damages.

35.    Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $300,000.

36.    Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

8

## COUNT II
### *Violation of the Fair Labor Standards Act*
### *Overtime Compensation Requirements*

37.    The preceding paragraphs are re-alleged herein.

38.    Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

39.    Defendants failed to compensate Plaintiff for overtime hours that Defendants regularly and willfully required or "suffered or permitted" Plaintiff to work.

40.    Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times her regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

41.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid overtime compensation and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

42.    Plaintiff is due an amount of $150,000 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

43.    Plaintiff is due an amount of $150.000 for liquidated damages.

44.    Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $300.000.

45.    Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT III
### *Actual Fraud*

46.     The preceding paragraphs are re-alleged herein.

47.     Defendants committed actual fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

> a.     Since the first time Plaintiff did not receive a timely paycheck around January 2011 until Plaintiff's employment ended in August 2012, Defendants intentionally and knowingly falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

> b.     Plaintiff worked for Defendants in reliance on the misrepresentation; and

> c.     Plaintiff's reliance on the misrepresentation damaged Plaintiff by her expending time, energy and effort to supply Defendants employee services.

48.     Plaintiff was damaged by not receiving payment for her time and work.

49.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT IV
### *Constructive Fraud*

50.    The preceding paragraphs are re-alleged herein.

51.    Defendants committed constructive fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

        a.    Since the first time Plaintiff did not receive a timely paycheck around January 2011 until Plaintiff's employment ended in August 2012, Defendants innocently or negligently falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

        b.    Plaintiff worked for Defendants in reliance on the misrepresentation; and

        c.    Plaintiff's reliance on the misrepresentation damaged Plaintiff by his expending time, energy and effort to supply Defendants employee services.

52.    Plaintiff was damaged by not receiving payment for her time and work.

53.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

### <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Respectfully submitted,
ANYELI BOSQUEZ
By counsel

FIRSTPOINT LAW GROUP, P.C.

Katherine Martell, Esq.
VSB No. 77027
10615 Judicial Drive
Suite 101
Fairfax, VA 22030
Phone  (703) 385-6868
Fax      (703) 385-7009
kmartell@firstpointlaw.com
*Counsel for Plaintiff*

12

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Anyeli Bosquez, authorize FirstPoint Law Group, P.C. to sue Angel's Bail Bonds, Inc. and Angel Michael Miller under the Fair Labor Standards Act to recover unpaid wages, overtime and other compensation, including liquidated damages, interests, costs and attorneys' fees. I ask that attorneys' fees and costs be awarded to FirstPoint Law Group, P.C. I authorize my counsel to compromise and settle any claim or take other appropriate actions in this lawsuit.

Anyeli Bosquez
9751 Beech Place
Manassas, VA 20110

Date 8/28/12